

**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

Gregory R. Nyhus
Assistant U.S. Attorney
greg.r.nyhus@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott Erik Asphaug
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

January 11, 2022

Anthony Bornstein
Assistant Federal Defender

> Re: *United States v. Tracy Lynn Molina*
> Case No. 3:21-cr-00191-SI
> Plea Agreement Letter

Dear Mr. Bornstein:

1. **Parties/Scope:** This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges:** Defendant agrees to enter a plea of guilty to Counts 2 and 6 of the Superseding Information, which allege as follows:

    A.  Count 2: Failing to Comply with a Lawful Order (41 C.F.R. § 102-74.385)

    On or about October 20, 2020, in the District of Oregon, the did willfully enter in and on federal property, to wit: the grounds of the Immigration and Customs Enforcement building and fail to comply with the lawful direction of federal police officers and other authorized individuals.

    B.  Count 6: Failing to Comply with a Lawful Order (41 C.F.R. § 102-74.385)

    On or about December 6, 2020, in the District of Oregon, the did willfully enter in and on federal property, to wit: the grounds of the Immigration and Customs Enforcement building and fail to comply with the lawful direction of federal police officers and other authorized individuals.

3. **Penalties:** Failing to Comply with a Lawful Order (41 C.F.R. § 102-74.385) is a C Misdemeanor and punishable by up to 30 days in prison, a fine of not more than $5,000, and $10 $25 MHS mandatory assessment (per count).

4.  **No Prosecution**: The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

At the time of sentencing the government will dismiss the remaining charges in the Superseding Information *without prejudice*. The government agrees to the entry of an order converting the dismissal to *with prejudice* one year from entry of plea.

5.  **Recommendation:** The parties agree to recommend that defendant be sentenced to "time served," fined $367.00, and ordered to pay $20 [$10 MHS] in mandatory assessments.

Defendant agrees to entry of an order directing that defendant shall not be on the grounds of the Immigration and Customs Enforcement property except for official and authorized purposes during normal business hours. This restriction does not limit the defendant's ability or right to engage in First Amendment protected protest activity in locations apart from ICE grounds and buildings.

6.  **Elements and Admissions:** Defendant agrees that the government could prove beyond a reasonable doubt the following elements, and admits to the factual basis, below.

*Elements*:

In order for defendant to be found guilty of Counts 2 and 6 of the Information, the government must prove the following elements beyond a reasonable doubt:

First, defendant entered into or upon property belonging to or leased by the federal government;

Second, while in or upon such property, defendant failed to comply with the lawful direction of federal police officers or other authorized individuals.

*Factual Basis*

On October 20, 2020, defendant entered onto property owned or leased by Immigration and Customs Enforcement in Portland, Oregon, and after having been given a lawful order to leave the property, defendant failed to do so and was arrested. Again, on December 6, 2020, defendant entered onto property owned or leased by Immigration and Customs Enforcement in Portland, Oregon, and after having been given a lawful order to leave the property, defendant failed to do so and was arrested.

7.  **Waiver of Appeal/Post-Conviction Relief:** Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that the sentence imposed exceeds the statutory maximum. Should defendant seek an

Anthony Bornstein
Re: Tracy Lynn Molina
Page 3

---

appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

**8. Court Not Bound:** Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

**9. Full Disclosure/Reservation of Rights:** The USAO will fully inform the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

**10. Breach of Plea Agreement:** If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, he must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, he has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

**11. Memorialization of Agreement:** No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

///

///

///

///

///

Anthony Bornstein
Re: Tracy Lynn Molina
Page 4

---

**12.** **Expiration of Terms:** This term of this agreement will expire 30 days from issuance unless a change of plea has been scheduled or the government otherwise agrees.

Sincerely,

SCOTT ERIK ASPHAUG
United States Attorney

GREGORY NYHUS
Digitally signed by GREGORY NYHUS
Date: 2022.01.26 14:55:26 -08'00'

GREGORY R. NYHUS
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

1/18/2022
Date

TRACY LYNN MOLINA
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

1-18-2022
Date

ANTHONY BORNSTEIN
Attorney for Defendant